UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:25-cv-02514

JOSE RAMIREZ,

    Plaintiff,

vs.

DYNAFIRE, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## MOTION TO DISMISS COMPLAINT

The defendant, **DYNAFIRE, LLC ("DynaFire")**, by and through its undersigned counsel, pursuant to Rule 12(b) of the Federal Rules of Civil Proccedure, hereby moves this Honorable Court for the entry of an order dimissing the Plaintiff's claim and in support thereof states as follows:

### I. INTRODUCTION AND BACKGROUND

Plaintiff, JOSE RAMIREZ (hereinafter referred to as "Plaintiff" or "Mr. Ramirez") filed his one count Complaint for an asserted violation of the Uniformed Servicemembers Employment And Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335. The Complaint, however, is fatally defective because it fails to allege the date Mr. Ramirez was discharged from military service, which is a critical fact necessary to establish Plaintiff's entitlement to relief under USERRA.

1

## II. STATEMENT OF FACTS

Mr. Ramirez alleges that he began his employment with DynaFire in or around September 2021. On July 29, 2024, Mr. Ramierz allegedly joined the United States Army Reserves. In August 2024, Mr. Ramirez alleges that he informed DynaFire that he was to attend boot camp beginning on October 15, 2024. Mr. Ramirez allegedly emailed DynaFire on March 7, 2025 to request a return to work date.

## III. ARGUMENT

### A. Motion to Dismiss Standard

Under the pleading requirements of Rule 8(a)(2) Fed.R.Civ.P., a plaintiff is required in his complaint to make a showing, rather than a blanket assertion, of entitlement to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That is, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* When the allegations in a complaint, do not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court. *Id.* at 558.

A motion to dismiss under Rule 12(b)(6) admits the well-pled allegations of the complaint, but denies their legal sufficiency. However, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In a motion to dismiss, the court need only accept well-pled facts and reasonable inferences drawn from those facts. *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *see also Turner v. Williams*, 65 F.4th 564, 577 (11th Cir. 2023) (The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions).

While the standard of construction with respect to reviewing a denial of a motion to dismiss is liberal, it does not impose upon the court the duty to rewrite the complaint for the plaintiff, or to assume facts not contained within the complaint. *See Peterson v. Atlanta Housing Auth.*, 998 F.2d 904, 912 n.17 (11th Cir. 1993) (explaining that even if the record demonstrates that a factual basis exists, a plaintiff is still required to plead those facts in order to survive a motion to dismiss.). The complaint must allege the relevant facts with some specificity. *See Gonzalez*, 325 F.3d at 1235. More than mere conclusory notice pleading is required... Unsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal. *Id.*

## B. <u>Failure to State A Cause of Action</u>

USERRA provides specific timeframes within which a servicememnber must apply for reemployment following completion of military service. These timeframes are essential elements of a USERRA claim for denial of reemployment rights. 38 U.S.C.S. § 4312. Under USERRA, the time period for submitting an application for reemployment varies based on the length of military service. For

service of less than 31 days, the servicemember must report back to work by the beginning of the first regularly scheduled work period on the first full day following completion of service, plus time for safe travel and eight hours of rest. 38 U.S.C.S. § 4312(e)(1)(A).

For service of more than 30 days, but less than 181 days, the servicemember must submit an application for reemployment within 14 days after completion of service. 38 U.S.C.S. § 4312(e)(1)(C). For service of more than 180 days, the application must be submitted within 90 days after completion of service. 38 U.S.C.S. § 4312(e)(1)(D).

Plaintiff's Complaint fails to allege the date on which he was medically discharged from military service. Without this critical date, it is impossible to determine whether Plaintiff's application for reemployment on March 7, 2025, was timely under USERRA. The failure to allege the date of discharge is not a mere technical deficiency but rather a failure to plead facts necessary to establish a prima facie case under USERRA. Without knowing when Mr. Ramirez was discharged, neither the Court nor the Defendant can determine whether Plaintiff complied with the statutory timeframes for seeking reemployment.

Further, the failure of Plaintiff to allege the date of his discharge makes it impossible to determine which of the three USERRA timeframes would be applicable for Mr. Ramirez to preserve his right to reemployment.

A complaint must contain sufficient factual allegations, accepted as true, to state a claim to relief that is plausible on its face. When a complaint fails to allege

facts necessary to establish an essential element of a claim, dismissal is appropriate. Because Plaintiff's Complaint fails to allege the date of his discharge from military service—a fact necessary to determine whether his reemployment application was timely under USERRA—the Complaint fails to state a claim upon which relief can be granted.

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant DYNAFIRE, LLC respectfully requests that this Court grant this motion to dismiss, dismiss Plaintiff's Complaint in its entirety, and grant such other and further relief as this Court deems just and proper.

Respectfully submitted this February 13, 2026.

_____
Cynthia F. O'Donnell
Florida Bar No. 127179

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth below the foregoing document was electronically filed through CM/ECF and further certify that a true copy of the foregoing has been furnished by electronic service to Anthony J. Hall, Esq. (Attorney for Plaintiff) at ahall@theleachfirm.com on this 13th day of February, 2026.

_____
Cynthia F. O'Donnell
(Cynthia@StoneandGerken.com)
Florida Bar No. 127179
*Attorneys for Defendant.*
STONE & GERKEN, P.A.
4850 North Highway 19A
Mount Dora, FL  32757
(352) 357-0330 / telephone