UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE RAMIREZ,

    Plaintiff,

vs.

DYNAFIRE, LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

CASE NO.: 6:25-cv-2514-ACC-RMN

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff JOSE RAMIREZ, by and through the undersigned attorney, hereby files this Amended Complaint against Defendant DYNAFIRE, LLC (hereinafter "Defendant"), and in support of states as follows: for violations of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), and alleges the following:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. §§ 4301-4335. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), attorneys' fees and costs, any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION AND VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b) as some or all of Plaintiff's claims alleged herein arise under federal law.

3. The Court has jurisdiction over the subject matter of this action pursuant to the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301, *et seq.* ("USERRA").

4. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

5. The events giving rise to the instant matter occurred in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

6. Therefore, venue is proper in the Orlando Division of the United States District Court for the Middle District of Florida pursuant to 38 U.S.C. §4323(c)(2).

## PARTIES

7. Plaintiff was an employee of Defendant, working as a Construction Helper from September 2021, until his unlawful termination on or about March 7, 2025.

8. Plaintiff was employed by Defendant in Daytona, Volusia County,

Florida.

9. Defendant employs more than fifty (50) employees.

10. Plaintiff was an "employee" as defined.

11. Plaintiff is a member of a class of individuals protected by law because he was discriminated against and retaliated against by his employer, Dynafire, LLC, due to his military status in the United States Army.

12. At all times pertinent hereto, Plaintiff has been a resident of the state of Florida and was employed by Defendant.

## **FACTUAL ALLEGATIONS**

13. On or around September 2021, Plaintiff was hired by Dynafire as a Construction Helper.

14. In June 2023, Plaintiff transferred to the Daytona office where he briefly worked in the Construction Department before transferring to the Inspection Department.

15. On or around July 29, 2024, Plaintiff joined the United States Army Reserves.

16. As a solider with the United States Army, his military obligations were covered by the Uniformed Services and Employment Act ("USERRA").

17. Consistent with his military obligations, Plaintiff was scheduled to depart for boot camp on October 15, 2024.

18. In August 2024, Plaintiff contacted Human Resources and his Manager, Jennifer Lynch, to inform the Company that he had joined the Army and was scheduled to leave in October for his military obligation.

19. Plaintiff accordingly requested to take time off work so that we could comply with his military obligations.

20. On October 7, 2024, Plaintiff met with Lynch to complete the paperwork required for his military leave and turned in his work phone.

21. On October 15, 2024, Plaintiff left for boot camp.

22. Unfortunately, during his training, Plaintiff tore his meniscus and had to be medically discharged on or about February 5, 2025.

23. On March 7, 2025, Plaintiff emailed Defendant that he had returned from leave and requested a return-to-work date.

24. However, Plaintiff was instead told to re-apply for employment with Defendant.

25. Plaintiff began completing applications for open positions listed on the Dynafire website but never received a call back.

26. Plaintiff was told by his former Manager, Ozzy Molina, to move on and to not try to come back to Dynafire.

27. The sole reason for Defendant's termination of Plaintiff was his deployment obligations as a member of the United States Army Reserves.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE
## UNIFORMED SERVICEMEMBERS EMPLOYMENT AND
## REEMPLOYMENT RIGHTS ACT

28. Plaintiff re-alleges and adopts the allegations of paragraph 1 through 27, above as if fully set forth herein.

29. Plaintiff was otherwise eligible, qualified, ready, and willing to train and maintain his employment with Defendant.

30. Defendant terminated Plaintiff in part due to his military obligations during deployment.

31. Plaintiff's membership, service and/or obligation for service in the United States Army was a motivating factor in the Defendant's termination of Plaintiff.

32. Plaintiff has lost wages and other economic benefits, as a direct and proximate result of Defendant's discriminatory actions.

33. Defendant's violations of USERRA were willful, because Defendants knew or perceived the risk that its termination of Plaintiff because, in part, of his military service and/or unavailability due to service violated USERRA or Defendants showed reckless disregard for the matter of whether they terminated Plaintiff because, in part, of his military service and/or because of his unavailability due to service was prohibited by USERRA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and

5

equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: <u>March 6, 2026</u>

                                    Respectfully submitted,

***/s/Anthony J. Hall***
Anthony J. Hall, Esq.
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N. Orange Avenue, Suite 600
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (321) 594-7316
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
***Attorneys for Plaintiff***