# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOSE RAMIREZ,**

      **Plaintiff,**

                                 **CASE   NO.:   6:25-cv-2514-ACC-RMN**

**vs.**

**DYNAFIRE, LLC, a Florida**
**Limited Liability Company,**

      **Defendant.**

                                   **/**

## PLAINITFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiff JOSE RAMIREZ ("Plaintiff"), by and through undersigned counsel, hereby requests the entry of an Order permitting leave to file a Second Amended Complaint against Defendant, DYNAFIRE, LLC, ("Defendant") and states as follows:

1.     Plaintiff originally filed his Complaint on December 30, 2025.

2.     On February 13, 2026, Counsel for Defendant filed a Motion to Dismiss Complaint regarding certain issues in the Complaint.

3.     Counsel for Plaintiff made the necessary changes and filed his Amended Complaint.

4.     On April 2, 2026, Counsel for Defendant filed another Motion to Dismiss Amended Complaint raising new issues with the Amended Complaint.

5. Plaintiff now seeks to amend his Amended Complaint to cure the alleged issues that necessitated the filing of the Motion to Dismiss Amended Complaint.

6. Defendants will not be prejudiced with this amendment.

7. Plaintiff's proposed Second Amended Complaint is attached as Exhibit "A".

## MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." *See* F.R.C.P. 15(a)(2). "The grant or denial of an opportunity to amend is within the discretion of the district court." *Domke v. MRS BPO, LLC*, No. 8:19-CV-1442-T-36AEP, 2020 WL 513807, at *5 (M.D. Fla. Jan. 31, 2020). A district court may deny a motion to amend on numerous grounds, including undue delay, undue prejudice to the defendant(s), and futility of the amendment. *Id*. Although the Court has discretion to deny pleading amendments under Federal Rule of Civil Procedure 15(a), there is a strong preference in the Eleventh Circuit for allowing them. *Id.* citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

As stated above, this case is in its early stages. Defendant will not be privileged by allowing Plaintiff to amend the complaint.  Plaintiff should be allowed to amend the complaint in this matter.

### CONFERRAL UNDER LOCAL RULE 3.01(g)

Plaintiff's Counsel has conferred with Defendant's Counsel, and they do not oppose the motion.

Dated this 23rd day of April 2026.

Respectfully submitted,

*/s/ Anthony J. Hall*
Anthony J. Hall, Esq. – LEAD COUNSEL
FL Bar No. 40924
THE LEACH FIRM, P.A.
1560 N Orange Avenue, Suite 600
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: aperez@theleachfirm.com
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF system, which will serve notice of filing upon all counsel of record.

_s/Anthony Hall_
Anthony Hall, Esq.