UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:25-cv-02514

JOSE RAMIREZ,

      Plaintiff,

vs.

DYNAFIRE, LLC, a Florida
Limited Liability Company,

      Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, **DYNAFIRE, LLC ("DynaFire")**, by and through its undersigned counsel, hereby files itss Answer and Affirmative Defenses to Plaintiff, the Plaintiff's **JOSE RAMIREZ ("Ramirez")** and states as follows:

## JURISDICTION AND VENUE

1.     Admitted for jurisdictional purposes only.

2.     Admitted for jurisdictional purposes only.

3.     Admitted that this Court has subject matter jurisdiction over USERRA claims. Denied that Plaintiff has stated a viable USERRA claim.

4.     Admitted for venue purposes only.

5.     Admitted for jurisdictional purposes only.

6.     Admitted for venue purposes only.

1

## PARTIES

7.    Admitted that Plaintiff was employed by Defendant beginning in or around September 2021. Defendant denies that Plaintiff's separation from employment was unlawful and denies all remaining allegations in this paragraph.

8.    Admitted.

9.    Admitted.

10.    Admitted that Plaintiff was an employee of Defendant during the relevant period. Defendant denies all remaining characterizations and legal conclusions contained in this paragraph.

11.    Defendant admits only that Plaintiff was a member of the United States Army Reserves. Defendant denies that Plaintiff was discriminated or retaliated against based on his military status and denies all remaining allegations in this paragraph.

12.    Admitted.

## FACTUAL ALLEGATIONS

13.    Admitted.

14.    Admitted that Plaintiff transferred to Defendant's Daytona office and admitted that Plaintiff worked at different times in different departments. Defendant denies all remaining allegations in this paragraph.

15.    Admitted.

16.    Admitted that Plaintiff was a member of the United States Army Reserves and that USERRA may govern certain aspects of his employment.

2

Defendant denies that all of Plaintiff's purported obligations were lawfully covered or timely asserted under USERRA and denies all remaining allegations.

17.    Admitted that Plaintiff was scheduled to depart for boot camp on or about October 15, 2024. The remainder of the allegations are denied.

18.    Admitted that Plaintiff informed Defendant of his military service and anticipated departure date. Defendant is without sufficient knowledge to admit or deny the precise contents of each communication and therefore denies the same.

19.    Admitted that Plaintiff requested military leave. Defendant denies all remaining allegations.

20.    Denied. Plaintiff did not complete the required paperwork and he did not turn in his work phone. Plaintiff gave his work phone to a family member who returned the phone to Defendant.

21.    Admitted.

22.    Defendant is without sufficient knowledge or information to admit or deny the secific nature, severity, or circumstances of any injury Plaintiff may have sustained, and therefore denies the same.

23.    Defendant is without sufficient knowledge or information to admit or deny the extent of Plaintiff's alleged injury or mobility limitations, and therefore denies the same.

24.    Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefore denies the same. Defendant affirmatively states that the allegation that Plaintiff was unable to perform any

form of communication of make a timely reemployment application is not consistent with the statutory obligations imposed on Plaintiff by USERRA.

25.    Defendant is without sufficient knowledge or information to admit or deny the allegations in this paragraph, and therefor denies the same. Defendant affirmatively states that Plaintiff's inability to perform job duties does not excuse his failure to timely submit an application for reemployment or otherwise inform Defendant of his intent to return to work within the period mandated by USERRA.

26.    Defendant is without sufficient knowledge or information to admit or deny the extent or duration of Plaintiff's alleged need for crutches or a cane and therefore denies the same.

27.    Defendant is without sufficient knowledge or information to admit or deny and therefore denies the allegations.

28.    Admitted that Plaintiff emailed Defendant on March 7, 2025 regarding a return to work. Defendant denies that Plaintiff requested to return to his prior position. Defendant further denies this communication constituted a timely application for reemployment under USERRA.

29.    Denied that Plaintiff was informed that his position was not available as Plaintiff did not inquire about the availability of his position. Admitted that Defendant told Plaintiff to fill out an application to be considered for available, part-time positions.

4

30.     Defendant is without sufficient knowledge of information to admit or deny whether Plaintiff completed applications or the outcome of any such application, and therefore denies the same.

31.     Denied.

32.     Denied.

### COUNT I – USERRA DISCRIMINATION

33.     Defendant incorporates by reference its responses to paragraphs 1 to 32 as if fully set forth herein.

34.     Defendant is without sufficient knowledge or information to admit or deny Plaintiff's qualifications, readiness, or willingness to return to work, and specifically denies that Plaintiff complied with the statutory requirements to preserve a claim for reemployment under USERRA.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied. Defendant denies that any violation of USERRA occurred, and specifically denies any willful violation of USERRA.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses. By asserting these defenses, Defendant does not assume the burden of proof on any matter that is Plaintiff's burden to prove. Defendant reserves the right to amend this Answer to assert additional affirmative defenses as discovery progresses.

**FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE
A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted. Even accepting the allegations as true, Plaintiff's own pleading establishes that his application for reemployment on March 7, 2025 was untimely under 38 U.S.C. § 4312(e)(1)(C). Plaintiff alleges he was medically discharged on or about February 5, 2025, placing his period of service at 113 days (October 15, 2024 to February 5, 2025) – more than 30 days but less than 181 days. Accordingly, Plaintiff was required to submit his application for reemployment within 14 days after the completion of service, i.e. February 19, 2025. Plaintiff did not contact Defendant until March 7, 2025, which was 16 days beyond the applicable statutory deadline. Because Plaintiff failed to comply with the mandatory timeframe prescribed by USERRA, his claim for denial of reemployment rights fails as a matter of law.

**SECOND AFFIRMATIVE DEFENSE – FAILURE TO TIMELY
APPLY FOR REEMPLOYMENT**

Plaintiff forfeited his reemployment rights under USERRA by failing to apply for reemployment within the timeframe required by 38 U.S.C. § 4312(e)(1)(C). A servicemember whose period of service exceeds 30 days but is less than 181 days must submit a reemployment application within 14 days after completion of service. Plaintiff alleges his military service concluded upon his medical discharge on or about February 5, 2025. His reemployment application was not submitted until March 7, 2025, approximately 30 days after his discharge. Plaintiff's failure

6

to timely notify Defendant of his availability and intent to return to work bars his claim under USERRA.

## THIRD AFFIRMATIVE DEFENSE – FAILURE TO ESTABLISH PHYSICAL QUALIFICATION FOR REEMPLOYMENT

Plaintiff's own allegations establish that he was not physically qualified to perform the essential functions of his position as a Construction Helper at the time of his purported reemployment application. A servicemember is entitled to reemployment only if he is qualified to perform the duties of such position. Plaintiff alleges that as of March 7, 2025, he was still recovering from his torn meniscus and was ambulating with the assistance of a cane. Plaintiff further acknowledges that he did not contact Defendant while still on crutches specifically because he was unable to perform his job duties. Plaintiff's failure to plead (and his apparent inability to establish) that he was physically qualified for the Construction Helper position at the time of his reemployment application is a condition precedent to relief under USERRA that he has not satisfied.

## FOURTH AFFIRMATIVE DEFENSE – FAILURE TO PLEAD SUFFICIENT FACTS REGARDING MEDICAL DISCHARGE

Plaintiff's Second Amended Complaint fails to plead sufficient facts to support a plausible claim that his injury and recovery timeline were consistent with applicable military medical discharge procedures. The United States Army does not medically separate a servicemenber until that servicemember has been evaluated, has reached maximum medical improvement or a stable medical condition, and has completed the applicable Medical Evaluation Board (MEB) or

Physical Evaluation Board (PEB) process. Plaintiff's assertion that he was medically discharged on February 5, 2025, yet remained on crutches through "early March" and was unable to even contact his employer for over a month is inconsistent with the conditions typically required for separation and strains the plausibility of the pleaded timeline. These insufficiently pled facts undermine Plaintiff's ability to establish compliance with USERRA's reemployment prerequisites and warrant dismissal.

### FIFTH AFFIRMATIVE DEFENSE – LEGITIMATE, NON-DISCRIMINATORY BUSINESS REASON

Even if Plaintiff had timely applied for reemployment (which Defendant denies), Defendant's employment decisions were based on legitimate, non-discriminatory business reasons entirely unrelated to Plaintiff's military service or status. Plaintiff's position was eliminated in the ordinary course of business during his extended absence, and Plaintiff's physical inability to perform the essential functions of the Construction Helper rold at the time of his application constituted a lawful basis for Defendant's response. Further, Plaintiff requested a part-time position at a different location from the position he left. Defendant at all times acted in good faith compliance with applicable law.

### SIXTH AFFIRMATIVE DEFENSE – FAILURE TO MITIGATE DAMAGES

Plaintiff has failed to take reasonable steps to mitigate his alleged damages. Despite claiming constructive termination and an inability to return to his prior position, Plaintiff has not alleged that he made any reabonable effort to seek

8

substantially equivalent alternative employment. To the extent Plaintiff incurred damages, such damages were caused or exacerbated by his own failure to mitigate, and any award myst be reduced accordingly.

### SEVENTH AFFIRMATIVE DEFENSE – FAILURE TO FOLLOW EMPLOYER'S ESTABLISHED POLICIES

Plaintiff failed to follow the Defendant's rules, policies, and general practices pertaining to absences from scheduled work. Defendant had established a military leave policy that required documentation from the command to which an employee was to report for military service. Plaintiff failed to provide such documentation relating to Plaintiff's reporting to initial training. Defendant had a military leave request form that is required of employees going on military leave. Plaintiff failed to complete and sign the military leave request form. Additionally, Plaintiff failed to report to work on his last day prior to military leave and failed to personally turn in his work phone to Defendant. Plaintiff gave the phone to one of his family members who is an employee of Defendant and that employee turned in Plaintiff's work phone. As a result of Plaintiff's failure to follow Defendant's established military leave policies, Plaintiff was terminated rather than being placed on military leave. When Plaintiff failed to meet the above-referenced 14-day time period for returning to work, Plaintiff became subject to Defendant's rules, policies, and general practices pertianing to absences from work pursuant to 38j U.S.C. § 4312(e)(3).

**EIGHTH AFFIRMATIVE DEFENSE – AFTER-ACQUIRED EVIDENCE**

To the extent discovery reveals that Plaintiff engaged in any misconduct, made misrepresentations in connection with his employment or his reemployment application, or otherwise would have been subject to disciplinary action or termination independent of any military service, Defendant reserves the right to assert the doctrine of after-acquired evidence as a bar to or limitation on any damages claimed by Plaintiff.

WHEREFORE, Defendant DYNAFIRE, LLC respectfully requests that this Court:

a.    Dismiss Plaintiff's Second Amended Complaint in its entirety with prejudice;

b.    Enter judgment in favor of Defendant and against Plaintiff on all claims;

c.    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this May 26, 2026.

/s/ *Cynthia F. O'Donnell*
Cynthia F. O'Donnell
Florida Bar No. 127179

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date set forth below the foregoing document was electronically filed through CM/ECF and further certify that a true copy of the foregoing has been furnished by electronic service to Anthony J. Hall, Esq. (Attorney for Plaintiff) at ahall@theleachfirm.com on this 26th day of May, 2026.

   */s/ Cynthia F. O'Donnell*         
Cynthia F. O'Donnell
(Cynthia@StoneandGerken.com)
Florida Bar No. 127179
*Attorneys for Defendant.*
STONE & GERKEN, P.A.
4850 North Highway 19A
Mount Dora, FL  32757
(352) 357-0330 / telephone
